USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 2-25-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

EMBLAZE LTD.,
Plaintiff,

-against-

10 Civ. 5713 (PKC)

MEMORANDUM AND ORDER

APPLE INC.
Defendant.

-----------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.:

Defendant Apple Inc. ("Apple") moves to transfer this action for the convenience of the parties and witnesses and in the interest of justice to the Northern District of California where it is headquartered. 28 U.S.C. § 1404(a). Plaintiff Emblaze LTD. ("Emblaze") is headquartered in Ra'anana, Israel, and opposes transfer. For the reasons set forth below, the motion to transfer is granted.

Background

Emblaze asserts a single claim of infringement of its U.S. Patent 6.389,473 (the '473 Patent). The '473 Patent discloses a protocol for live streaming of audio and video to multiple devices. In its disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P., Emblaze asserted that "[d]ocuments related to the prosecution of the '473 Patent and the development of the subject matter thereof may be found in Emblaze's corporate offices" in Israel and in the United States Patent and Trademark Office. It disclosed three potential witnesses, all of whom are citizens and residents of Israel. Six of the seven

inventors reside in Israel; the seventh is currently in an undisclosed part of the United States but will be moving back to Israel in the near future.

Apple is headquartered in Cupertino, California in the Northern District of California, where it has approximately 8,200 employees. It maintains 220 retail stores through the United States, including 6 in this District. It has identified five employees who have knowledge of the design, development and deployment of the accused device, each of whom is employed in Cupertino and maintains electronic and paper records there. As more fully discussed, it has identified a number of other non-party witnesses likely to have knowledge relevant to the action who are within the subpoena power of the transferee court.

Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In In re Genetech, 566 F.3d 1338 (Fed. Cir. 2009) (applying Fifth Circuit law), the Federal Circuit, on a writ of mandamus, held that the district court had abused its discretion in denying a motion under section 1404(a) to transfer venue of a patent infringement action from the Eastern District of Texas to the Northern District of California. The infringement suit was brought by a German-based entity against a two California-based entities, one in the transferee district and one outside of the transferee district. Of course, Genetech was applying Fifth Circuit transfer law. Here, I will apply Second Circuit law. Determinations of convenience under section 1404(a) are highly fact-specific and are

made on a case-by-case basis. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

The plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer. See S-FER Int'l, Inc. v. Paladion Partners, Ltd., 906 F. Supp. 211, 213 (S.D.N.Y. 1995) (citing Dwyer v. General Motors Corp., 853 F. Supp. 690, 692 (S.D.N.Y. 1994)). The burden of demonstrating the desirability of transfer lies with the moving party, who must "make a clear and convincing showing that the balance of convenience favors defendants' choice." Hubbell Inc. v. Pass & Seymour, Inc., 883 F. Supp. 955, 962 (S.D.N.Y. 1995).

The first question is whether this action is one that "might have been brought" in the district to which transfer is sought. TouchTunes Music Corp. v. Rowe Int'l Corp., 676 F. Supp. 2d 169, 172 (S.D.N.Y. 2009). Here, the proposed transferee court is a venue where this case might have been brought. The Northern District of California has subject matter jurisdiction over a patent claim and Apple is found in that district. Thus, this action could have been brought in the proposed transferee court.

Next, the Court considers the following factors in deciding whether to transfer under section 1404(a): "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)) (alteration in D.H. Blair).

While the plaintiff's choice of forum is entitled to deference, it is not accorded controlling weight. In this case, Emblaze's choice of forum is afforded less weight because it is headquartered in Israel and thus a change of venue would not deprive it of the opportunity to be heard in its home forum. Moreover, a plaintiff's choice of forum is given deference because it is presumed to be convenient but it is generally less likely that the choice was made for convenience when, as here, a foreign plaintiff chooses a forum in the United States. "In such circumstances, a plausible likelihood exists that the selection was made for forum shopping reasons . . . . Even if the U.S. district was not chosen for such forum-shopping reasons, there is nonetheless little reason to assume that it is convenient for a foreign plaintiff." Iragorri v. United Tech. Co., 274 F.3d 65, 71 (2d. Cir. 2001) (forum non conveniens analysis).

For the purposes of this motion, I assume that Emblaze selected the New York forum in the utmost of good faith and because it is somewhat more convenient than California. Emblaze points out that Eastern Time Zone is closer to Israel's time zone than the Pacific Time Zone. It also notes that its employees and witnesses are expected to be Sabbath observers, which would make travel to a more distant destination more difficult. However, Apple has come forward with evidence from a Continental Airlines website showing a travel time from Tel Aviv to New York of 12 hours and from a United website showing travel time from Israel to San Francisco of 16 hours. The difference in degree of inconvenience to plaintiff is not very substantial. See In re Genentech, Inc., 566 F.3d at 1345 ("Sanofi is a German corporation that will be traveling a great distance no matter which venue the case is tried in and will be only slightly more inconvenienced by the case being tried in California than in Texas.").

As noted, Emblaze identified three present employees with knowledge of the subject matter of this action, each of whom resides in Israel. Apple has identified five present employees who reside in the Northern District of California. None of either party's employees with knowledge of the subject matter of the action reside in this District.

Of great significance is the location of non-party witnesses because the ability to secure their live testimony at trial may be dependent on whether they reside within the subpoena power of the court. See Rule 45(b)(2)(B), Fed. R. Civ. P. In its Rule 26(a)(1) statement, Apple has identified five former employees, all residing within the subpoena power of the Northern District of California, who have relevant knowledge of the design, development or deployment of the accused technology. Apple identified an additional six witnesses likely to have knowledge of products, systems and/or documents constituting prior art; these six are within the subpoena power of the transferee court. The only New York-based witness identified in either party's Rule 26(a)(1) disclosures is the attorney who prosecuted the patent for Emblaze who is listed in Apple's disclosure. In response to the motion, plaintiff now identifies as potential witnesses employees of ABC News, CBS Corporation and Major League Baseball in New York, who supply content pursuant to the accused protocol. While the witnesses may have knowledge of content supply, there is no suggestion that their knowledge is unique nor is there a basis to conclude that other content suppliers with similar knowledge could not be found within the subpoena power of the transferee court. The convenience of party and non-party witnesses weighs in favor of transfer.

The location of relevant documents weighs on the determination of whether to transfer, however, "[i]n an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." ESPN, Inc. v. Quicksilver, Inc., 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008) (citing Angelov v. Wilshire Bancorp, No. 06 Civ. 4223, 2007 WL 2375131, at *4 (S.D.N.Y. Aug. 14, 2007)). Apple argues that this factor favors transfer because, except for Israel, Cupertino is the location where relevant documents are located. However, the documents are likely to be in electronic format or are otherwise easily transferable to this District. Accordingly, this factor weighs slightly, but not substantially, in favor of transfer. See Millennium, L.P. v. Hyland Software, Inc., No. 03 Civ. 3900, 2003 WL 22928644, at *4 (S.D.N.Y. Dec. 10, 2003) ("Although it is likely that all relevant documents can be transported from state to state in some fashion, for purposes of deciding transfer, the fact that the documents are all currently located in Ohio favors transfer.").

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." In re Genentech, Inc., 566 F.3d at 1345 (quoting Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006). Here, the accused infringer is in the transferee district. Most of the operative facts likely occurred in Cupertino. Apple's development of the accused protocol occurred in Cupertino. Any evidence of willfulness would be in Cupertino. Central sales records which may be relevant to damages are likely to be in Cupertino. Some of the operative facts occurred in Israel where the invention is alleged to have been developed. The only connection to New York is that some content providers are in New York and a lawyer

involved in the patent prosecution is in New York. On balance, this factor tilts in favor of transfer.

Finally, both sides are sophisticated business corporations with access to substantial resources. No showing has been made that litigating this action in either California or New York would impose an undue hardship on either party, although Apple's financial strength is vastly superior to that of Emblaze. This factor weighs neutrally in the analysis. See Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 989 (E.D.N.Y. 1991) (according factor little or no significance absent showing of disparity of means between corporate defendant and individual plaintiff).

Taking all relevant facts and circumstances into account, Apple has met its burden of showing that the relevant factors tip heavily in favor of transfer. On balance, the convenience of the parties and witnesses and the interests of justice do favor transfer to the Northern District of California.

CONCLUSION

Defendant's motion to transfer venue to United States District Court for the Northern District of California is GRANTED. The Clerk shall transfer the action and close the file in this District.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 24, 2011